# LANDRETH et ux, *Respondents,*
## *v.*
# BARNARD & KINNEY, INC., *Appellant.*
## (No. 419-156, SC 24547)

561 P2d 631

Paul J. DeBast, of Thompson, Adams & Lund, Beaverton, argued the cause and filed a brief for appellant.

William E. Hurley, of Bernard, Hurley, Hodges & Kneeland, Portland, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and Tongue, Bryson and O'Connell, Justices.

O'CONNELL, J. Pro Tempore.

**O'CONNELL, J.,** Pro Tempore.

This is an action to recover damages for breach of contract. The trial court, sitting without a jury, entered judgment for plaintiffs in the amount of $5,140. Defendant appeals.

Plaintiffs, husband and wife, are a partnership which bids for jobs requiring the skill of a finishing carpenter. Mr. Landreth does the carpentry work and his wife keeps the books and helps in making estimates for the submission of bids. The partnership does not have any employes. Defendant is an Oregon corporation engaged in general contracting. On October 15, 1974, defendant was in the process of constructing "John's Landing," a condominium development which was to be constructed in three sections: "Bankside" composed of five units, "Riverpoint" composed of 11 units, and "Riveredge" composed of 25 units. On October 15, 1974, defendant accepted plaintiffs' bid, whereupon the parties entered into three separate contracts which obligated plaintiffs to do the finish carpentry work on the three sections, plaintiffs to furnish the nails and labor and defendant to furnish all other materials. Plaintiffs were to be paid varying amounts per unit based upon the type of unit involved. At the time the contracts were signed, the parties discussed defendant's concern that plaintiffs might not be able to "keep up" and defendant indicated that it might have to bring in other carpenters periodically, to which plaintiffs agreed. Plaintiffs fully completed the work on "Bankside" and "Riverpoint." Before plaintiffs had an opportunity to work on "Riveredge," defendants called in another carpenter to do the finish work on "Riveredge." Plaintiffs introduced evidence that they sought work elsewhere and earned a total of $2,946.80, which was deducted from the unpaid contract price.

It is conceded on appeal that defendant's conduct in employing another carpenter, and thus depriving plaintiffs of the opportunity to perform the work

assigned to the substituted carpenter, constituted a breach of contract. The sole question on appeal is whether the trial court erred in the application of the measure of damages to the facts of this case.

Defendant distinguishes two types of contracts: (1) construction contracts and (2) personal service contracts, and argues that upon breach a different measure of damages is applied to each of these two types of contracts. In the case of construction contracts, it is contended, the rule universally applied is that the cost of services, as a part of the cost of performance, must be deducted from the contract price in arriving at the amount of recoverable loss. In applying this test plaintiff would, of course, recover nothing because the "construction contract" he entered into obligated him to supply the labor and the nails, neither of which were supplied and therefore would have to be deducted in arriving at plaintiffs' loss. Defendant relies upon a formidable list of cases in which it is held that the cost of services could not be included in arriving at the amount of damages upon breach of a construction contract.[1]

Without attempting to analyze the cases relied upon, we can say only that if they proposed a rule which would preclude plaintiffs from recovering for their services in the present case, we refuse to follow it. We recognize that upon the breach of some construction contracts the value of the contractor's services must be deducted in measuring his damages. Whether or not recovery is denied for the value of such services will depend upon the nature of the bargain.

---

[1]The earlier cases are collected in an annotation in 50 ALR 1397, where it is stated:

> "It is generally recognized that the value of the plaintiff's own services, or, if the plaintiff be a corporation, of the services of its officers, not rendered because of a breach of contract, is a part of the cost of performance, and, as such, is a deductible item in computing damages for the breach." 50 ALR at 1398.

*See also Johnson v. Wright,* 175 Minn 236, 220 NW 946 (1928); *Apex Metal Stamping Co. v. Alexander & Sawyer, Inc.,* 48 NJ Super 476, 138 A2d 568 (1958); *Partridge v. Norair Engineering Corporation,* 301 F2d 247 (DC Cir 1962).

Where the contractor is bargaining for a return he expects to make, not upon the basis of his earnings as a craftsman or laborer performing the actual physical work of construction, but upon the basis of his skill in estimating construction costs and his ability to deploy workmen and materials efficiently to the end that he will make a profit, he is, in fact, compensated for the value of his skill and talent (and in this sense his services) by the recovery of the difference between the contract price and all of the costs he would find it necessary to incur in completing the contract. Where, however, the contractor purports to make his "profit" from the performance of his services as a craftsman he is entitled to the value of those services in computing his damages. In such a case, it is not contemplated by the parties that the promisee would employ other workmen to perform the services which the promisee agreed to supply, because it is not to be assumed that a craftsman who agrees to supply his services intends that his "profit" will be the difference between what he set as the value of his services in fixing the contract price and a lesser amount he would have to pay for others he employed to do the same work.[2]

---

[2]In the annotation in 50 ALR 1397 relied upon by defendant, the author makes the same analysis as we have made above:

" * * * Most of the cases cited in the present annotation like the reported case (Columbus Min. Co. v. Ross, ante, 1394), which hold that the value of the contractor's services is to be deducted, apparently assume that the damages from the breach of the contract are measured by the loss of profits, and ignore the loss of the contractor's opportunity to employ his own services, for the reason, perhaps, that the pleadings were so framed as to seek damages from 'loss of profits' only, or because it did not appear that the contractor was unable to find other employment for his own services during the period that would have been covered by the performance of the contract. Under the liberal rule as to forms of actions prevailing in most jurisdictions, *it is not apparent why the contractor, under proper pleadings and proof, should not be permitted to recover the value of his own services which he is prevented from employing by the breach of the contract;* at least, if, as in the Ross Case, the contract was of such a character that the opportunity which it afforded him to employ his own services might reasonably be regarded as within the contemplation of the parties, as one of the principal inducements to the making of it, and the loss of the opportunity as one

We hold that the trial court applied the correct measure of damages and therefore the judgment is affirmed.

Affirmed.

---

of the proximate results of its breach. * * *" 50 ALR 1397, 1398. (Emphasis added.)

Defendant relies on *Buck v. Mueller,* 221 Or 271, 351 P2d 61 (1960), where lessee sought as a part of the damages for breach of a lease the loss of profits from a restaurant business, and it was held that the value of services of the plaintiff and his wife had to be deducted as a part of operating the business. There was nothing to show that plaintiff's services were any different than those usually performed by hired help and leaving the owner free to devote his time to do other profitable pursuits.